IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

LELAND GRASKE and LESLIE GRASKE, )
)
Plaintiffs, ) 8:08CV407
)
v. )
)
AUTO-OWNERS INSURANCE COMPANY, ) MEMORANDUM AND ORDER
)
Defendant. )
______________________________)

This matter is before the Court on defendant's motion to compel (Filing No. 39), plaintiffs' motion to compel discovery responses (Filing No. 42), and defendant's motion for leave to file second amended answer (Filing No. 54). Upon review of the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that defendant's motion to compel should be granted in part and denied in part, plaintiffs' motion to compel should be granted in part and denied in part, and defendant's motion for leave to file a second amended answer should be denied.

**BACKGROUND**

The facts giving rise to this action began in October of 2003 when a boat owned and operated by Leland Graske was involved in an accident in the Cayman Islands (Filing No. 1, ¶¶ 9-10). One of the passengers in the boat, Daniel Doyle, sustained serious injuries as a result of the accident (*id.*,

¶¶ 10, 12). According to the complaint, the accident was caused by the failure of a negligently repaired steering cable on the boat, but the circumstances of the accident implicated some liability on the part of Mr. Graske (*id.*, ¶¶ 11, 19).

Mr. Graske notified defendant of the accident, and it acknowledged that the accident was covered under plaintiffs' homeowners insurance policy (*id.*, ¶ 13). The complaint alleges Mr. Doyle offered to settle his claims against Mr. Graske for the policy limits, which was $300,000 (*id.*, ¶¶ 17, 21). Settlement did not occur, and Mr. Doyle filed a negligence action against Mr. Graske in Nebraska state court on December 20, 2004 (*id.*, ¶ 23). The action was removed to this Court, and following a trial to the Court, judgement was entered against Mr. Graske in the amount of $3,988,153 (*id.*, ¶¶ 23, 31).

Thereafter, plaintiffs asserted this bad faith action against the defendant. The complaint asserts two causes of action: (1) breach of contract, and (2) breach of fiduciary duty. Both claims are generally based on defendant's failure to sufficiently investigate Mr. Doyle's claims in the underlying litigation and settle the claims for the policy limits.

## DISCUSSION

### 1. DEFENDANT'S MOTION TO COMPEL (Filing No. 39)

Defendant seeks an order compelling plaintiffs to supplement and/or fully respond to defendant's first set of

interrogatories 1 and 3-12 (*see* Filing No. 41, ex. B) and defendant's first request for production of documents 5 and 6 (*see id.*, ex. C). Plaintiffs objected to each of these discovery requests as seeking information protected by the attorney-client privilege, spousal privilege, and/or work product doctrine (*see id.*, exs. B, C). Plaintiffs also objected to some of the discovery requests at issue on additional grounds. Defendant's brief only addresses the validity of plaintiffs' privilege objections, arguing that the information sought is not privileged, or alternatively, that plaintiffs have waived the asserted privileges by placing such information "at issue" in this litigation. The Court has reviewed the discovery requests, plaintiffs' responses, and all of the objections asserted and makes the following findings.

Plaintiffs sufficiently answered interrogatories 1, 3, 10, 11, and 12. The Court will not compel any further response to interrogatory 4-7 or request for production No. 5. Plaintiffs must respond fully to interrogatories 8 and 9 and request for production No. 6. To the extent plaintiffs have not fully responded to interrogatories 8 and 9 and/or have not produced all documents responsive to request for production No. 6, plaintiffs shall provide supplemental responses to the interrogatories and documents responsive to the request for production.

Based on the foregoing, defendant's motion to compel will be granted in part and denied in part. To the extent plaintiffs have not fully responded to interrogatories 8 and 9, plaintiffs shall serve supplemental responses to such interrogatories on or before August 21, 2009. To the extent plaintiffs have not produced all documents responsive to request for production No. 6, plaintiffs shall produce the responsive documents on or before August 21, 2009. Defendant's motion to compel will be denied in all other respects.

**2. PLAINTIFFS' MOTION TO COMPEL (Filing No. 42)**

Plaintiffs move for an order compelling defendant to provide more detailed responses to plaintiffs' first set of interrogatories 3, 6, 7, 13, 14, 15 (*See* Filing No. 44-3, ex. B) and plaintiffs' first set of request for production of documents 17-26 (*See* Filing No. 44-4, ex. C). Defendant invoked Rule 33(d) to respond to the interrogatories and produced documents in response to the requests for production. Plaintiffs claim the responses are deficient because defendant produced thousands of pages of documents without sufficiently specifying which documents were responsive to each discovery request. Defendant argues its responses were proper because the burden to locate the relevant documents among the documents produced is substantially the same for either party.

Federal Rule of Civil Procedure 33(d) permits a party to respond to interrogatories by producing documents when certain requirements are satisfied.[1] If a party responds to interrogatories pursuant to Rule 33(d), it must specify the documents from which the responses to the interrogatories can be derived in sufficient detail to enable the interrogating party to locate the documents as readily as the responding party could. Fed. R. Civ. P. 33(d). It is not sufficient for a responding party to simply direct the interrogating party to a mass of business records. *Id.* Advisory Committee Notes (1980 Amendment); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005). Courts have found that when voluminous documents are produced under Rule 33(d), they must be accompanied

---

[1] Federal Rule of Civil Procedure 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

by indices to guide the interrogating party to the responsive documents. *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999).

Federal Rule of Civil Procedure 34 governs requests for production of documents. Rule 34(b)(2)(E)(i) permits a responding party to produce documents in the manner that they are kept in the usual course of business; however, the same rules that apply to producing documents under Rule 33(d) are generally applicable to Rule 34. *See, e.g., Unlimited Resources Inc. v. Deployed Resources, LLC,* No. 3:07-cv-961-J-12MCR, 2009 WL 1563489 (M.D. Fla. June 3, 2009).

In this case, the Court finds that defendant's responses are insufficient. Defendant produced nearly 7000 pages of documents in response to plaintiffs' discovery requests, and although the documents were divided into seven files, the documents were not accompanied by any indices or other tool to guide plaintiffs to the responsive documents. In response to the interrogatories at issue, defendant simply directed plaintiff to one or more of the files of documents, and in response to the requests for production at issue, defendant indicated that all 7000 pages of documents were responsive to each request. Such responses are deficient. Defendant is certainly more familiar with its own business records than are the plaintiffs, and because it has not provided plaintiffs sufficient guidance as to

how to locate the responsive documents, the burden to find the responsive documents is not substantially the same on both parties. *See O'Connor*, 185 F.R.D. at 278. Defendant's claims that the documents are sufficiently organized because they are bates-stamped and scanned into a CD-ROM are unavailing. Defendant did not refer to specific bates numbers when it responded to the discovery requests at issue, and the fact that the documents can be electronically searched by key term is not sufficient to discharge defendant's duty to sufficiently identify the location of the relevant documents.

Defendant is ordered to provide more detailed responses to plaintiffs' first set of interrogatories 6, 7, 13, 14, 15 and plaintiffs' first set of request for production of documents 17-26.[2] Defendant shall serve its supplemental responses on plaintiffs on or before August 21, 2009.

**3. DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS SECONDED AMENDED ANSWER (Filing No. 54)**

Defendant moves for leave to amend its second amended answer to allege the affirmative defenses of contributory negligence and advice of counsel. The Court does not find that these are viable affirmative defenses to the claims asserted in the complaint, and therefore, defendant's request for leave to amend will be denied. *See Marmo v. Tyson Fresh Meats, Inc.*,

---

[2] The Court sustains defendant's objection to interrogatory No. 3, and therefore, will not compel a supplemental response to this interrogatory.

457 F.3d 748, 755 (8th Cir. 2006)(stating ". . . denial of leave to amend may be justified when the amendment is futile.").

Nebraska has not yet recognized either defense in a bad faith action, and the Court declines to do so in this case. Foremost, it is unlikely that the Nebraska Supreme Court would permit a defendant to assert the affirmative defense of contributory negligence in an action such as this because negligence is not the standard that applies to plaintiffs' claims.

Neb. Rev. Stat. § 25-21, 185.07[3] states the civil actions to which contributory negligence is a defense. The Nebraska Supreme Court recently analyzed § 25-21, 185.07 and related statutes to determine whether contributory negligence

---

[3] Neb. Rev. Stat. § 25-21, 185.07 provides:

> Sections 25-21, 185.07 to 25-21, 185.12 shall apply to all civil actions to which contributory negligence may be, pursuant to law, a defense that accrue on or after February 8, 1992, for damages arising out of injury to or death of a person or harm to property regardless of the theory of liability. Actions accruing prior to February 8, 1992, shall be governed by the laws in effect immediately prior to such date. Nothing in sections 25-21, 185.07 to 25-21, 185.12 shall be construed to limit wrongful death claims brought pursuant to sections 30-809 and 30-810, but such claims shall be subject to sections 25-21, 185.07 to 25-21, 185.12.

could be asserted in a strict liability action. *See Shipler v. Gen. Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807 (2006). In finding that it could not, the court found that the contributory negligence statutes were intended to permit the contributory negligence of a plaintiff to be compared to the negligence of other persons against whom recovery is sought. *See id.* at 218-19, 710 N.W.2d at 830-31. Because negligence is not the standard applicable to the claims asserted in this case, it follows that defendant should not be able to assert plaintiffs' negligence as an affirmative defense. Further, the Nebraska Supreme Court has referred to the tort of bad faith as an intentional tort, *see Ihm v. Crawford & Co.*, 254 Neb. 818, 821, 580 N.W.2d 115, 118 (1998), and contributory negligence is not an affirmative defense to intentional torts under Nebraska law. *Shipler*, 271 Neb. at 210, 710 N.W.2d at 825. Thus, it is unlikely that Nebraska would adopt the affirmative defense of contributory negligence in a third-party bad faith action.

In addition, the Court does not find that advice of counsel is a valid affirmative defense in this case. While good faith reliance on the advice of counsel may be relevant in this case, such evidence is insufficient by itself to act as an affirmative defense to plaintiffs' claims. *See Hamilton Mut. Ins. Co. of Cincinnati v. Buttery*, 220 S.W.3d 287, 294 (Ky. Ct.

App. 2007). Defendant's request for leave to amend the second amended answer will be denied. Accordingly,

IT IS ORDERED:

1) Defendant's motion to compel (Filing No. 39) will be granted in part and denied in part. To the extent plaintiffs have not fully responded to interrogatory 8 and 9, plaintiffs shall serve supplemental responses to such interrogatories on or before August 21, 2009. To the extent plaintiffs have not produced all documents responsive to request for production No. 6, plaintiffs shall produce the responsive documents on or before August 21, 2009. Defendant's motion to compel will be denied in all other respects.

2) Plaintiffs' motion to compel discovery responses (Filing No. 42) is granted in part and denied in part. Defendant shall serve supplemental responses to plaintiffs' first set of interrogatories 6, 7, 13, 14, 15 and plaintiffs' first set of requests for production 17-26 on or before August 21, 2009. Plaintiffs' motion to compel is denied in all other respects.

3) Defendant's motion for leave to file a second amended answer (Filing No. 54) is denied.

DATED this 13th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom

______________________________

LYLE E. STROM, Senior Judge
United States District Court